OPINION *Page 2 
{¶ 1} Appellant, Laurence G. Rose, appeals a judgment of the Richland County Common Pleas Court, Domestic Relations Division, finding him in contempt of court for failing to pay guardian ad litem fees in the amount of $4,962.50 and failing to deposit $5,000.00 with the guardian ad litem. Appellee is Kristie M. Rose.
 STATEMENT OF FACTS AND CASE {¶ 2} The parties were divorced on January 25, 2005. Pursuant to the divorce decree, appellee was designated residential parent of the parties' minor son, Wyatt, born March 20, 1992. A guardian ad litem, Katherine Goldman, was first appointed on April 11, 2003. Subsequent to the divorce, appellant has filed numerous motions concerning the child, and the guardian ad litem has been involved with the case throughout.
 {¶ 3} From April 11, 2007, through January 25, 2008, appellant filed numerous motions concerning the child which necessitated investigation by the guardian ad litem. The motions filed by appellant included a motion to show cause for denial of parenting time, requests for counseling and tutoring for the child, a request for the child to be home schooled in appellant's home, a motion to remove the guardian and a motion to reallocate parental rights so as to designate appellant the residential parent of the minor child.
 {¶ 4} During the same time frame, the guardian ad litem also filed several motions in the case, including a request for a forensic psychological evaluation of appellant and a request for an injunction enjoining appellant from disseminating to the public information concerning the case over the internet and with handbills, signs, and *Page 3 
posters. The guardian also requested payment of fees in the amount of $4,962.50 incurred from December 20, 2007, and a deposit in the amount of $5,000.00 toward her fees, before the five-day trial on the motion to reallocate parental rights and responsibilities which was scheduled to begin May 19, 2008. On April 30, 2008, the court granted the guardian's motion for fees and ordered appellant to pay $4,962.50 within 10 days. The court further ordered appellant to deposit $5,000.00 with the guardian ad litem within 10 days of the judgment. The court reserved jurisdiction to reallocate the expenses between the parties in its final decision.
 {¶ 5} On May 13, 2008, appellant filed numerous notices of dismissal of motions he had filed in the case including a motion instanter for a review, a motion that Wyatt be home-schooled in his home, a motion to seal records, a motion that Wyatt receive professional tutoring in appellant's home, a motion for allocation of parental rights and responsibilities and a motion for counseling.
 {¶ 6} On May 14, 2008, the guardian ad litem filed an affidavit stating that the court had ordered appellant to pay fees in the amount of $9,962.50 within 10 days of the April 30, 2008 judgment, and appellant had failed to make payment or contact her office regarding payment despite written requests through his counsel.
 {¶ 7} Appellant filed more notices of dismissal of various motions on May 19 and May 21, which appear to be in part duplicative of the notices filed on May 13.
 {¶ 8} The court filed an agreed judgment entry on June 19, 2008. The judgment states that the parties have reached "a complete agreement resolving all matters before the Court for the Court's determination." Appellant was found in contempt of court for failing to comply with prior orders of the court regarding tutoring expenses. Appellant *Page 4 
was to convey his interest in land in Tennessee by quit-claim deed to appellee in satisfaction of past due medical bills and "allowances" on court costs and attorney fees. Appellant voluntarily dismissed the balance of all motions not previously dismissed. The judgment states in Section 2(E), "This agreement resolves all pending issues of both parties for all issues between these parties only." The judgment further states in Section 4, "It is further ordered that all prior Orders of the Court, including Temporary Orders, shall remain in full force and effect."
 {¶ 9} A contempt hearing was held on June 25, 2008, on appellant's failure to pay guardian ad litem fees. The court found that appellant had failed to timely pay his obligation of $4,962.50 and found him in contempt. The court found that appellant had assets in excess of several hundred thousand dollars and had publicly indicated he would not pay the guardian "two cents." Further, as appellant had satisfied a prior order to pay guardian fees on the eve of going to jail for contempt, the court found that appellant had an ability to raise cash when necessary. The court found appellant in contempt and sentenced him to 30 days incarceration. The court suspended the sentence and gave appellant the opportunity to purge the contempt by executing and filing with the Richland County Recorder a mortgage deed conveying a security interest in his real estate in favor of the guardian to secure the payment of $5,312.50 no later than July 15, 2008. In addition, in order to purge the contempt, appellant must pay the guardian no less than 20% of the net proceeds of his share in any sale of livestock in which he has an interest within five days of his receipt of such proceeds, by check delivered to the guardian's office, until the entire amount of the obligation is satisfied in full. *Page 5 
 {¶ 10} Appellant assigns two errors to this Court on appeal:
 {¶ 11} "II. THE COURT ABUSED ITS DISCRETION IN FINDING THE APPELLANT IN CONTEMPT.
 {¶ 12} "II. THE COURT LACKED JURISDICTION TO HEAR THE CONTEMPT ACTION."
 I {¶ 13} Appellant first argues that the court abused its discretion in finding him in contempt of court. He argues that the court abused its discretion in issuing the order upon which the contempt is based. That order ordered appellant to pay the entire amount of guardian ad litem fees when fees during the divorce were allocated such that he was to pay 63%, his financial position had worsened, and he had very limited and sporadic income.[1]
 {¶ 14} An abuse of discretion involves more than an error in judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Id.
 {¶ 15} Appellant has not demonstrated an abuse of discretion. We first note that the transcript of the proceedings of the contempt hearing has not been filed with this Court. Appellant filed a praecipe for the transcript on July 31, 2008. The praecipe *Page 6 
ordered the court reporter to prepare a complete transcript of the proceeding "regarding the Judgment Entry filed July 1, 2008." On September 10, 2008, the clerk of courts filed a notice that the transcript of the docket had been filed in the Court of Appeals without a transcript of the proceedings. On September 30, 2008, appellant filed a motion to supplement the record with the transcript of the "suppression hearing." This Court granted the motion on October 8, 2008. However, the transcript of the proceedings has not been filed with this Court.
 {¶ 16} The duty to provide a transcript for appellate review falls upon the appellant. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Where portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus has no choice but to presume the validity of the lower court's proceedings and affirm. Id.
 {¶ 17} In the absence of the transcript of the proceedings, we cannot find that the court abused its discretion in finding that appellant was able to pay, or in ordering appellant to pay, 100% of the guardian's fees. It appears from a review of the record that the guardian's fees were necessitated by the plethora of motions filed by appellant regarding the minor child. Therefore, we cannot find on the state of the record that the court abused its discretion in ordering appellant to pay all of the guardian's fees. Further, in the absence of a transcript, we cannot find that the court abused its discretion in finding that appellant had the ability to pay the fees as ordered.
 {¶ 18} The first assignment of error is overruled. *Page 7 
 II {¶ 19} In his second assignment of error, appellant argues that the court had no jurisdiction to hear the contempt action. He argues that at the time of the contempt hearing, all pending motions had been resolved. He argues that all interlocutory orders, including the order for payment of the guardian's fees, were merged into the dismissal entry, citingColum v. Colum (1979), 58 Ohio St. 2d 245, 389 N.E.2d 856.
 {¶ 20} In Colum, the Ohio Supreme Court held that in a domestic relations action, interlocutory orders are merged within the final decree and the right to enforce interlocutory orders does not extend beyond the decree, unless those orders have been reduced to a separate judgment or they have been considered by the trial court and specifically referred to within the decree. Id. at syllabus.
 {¶ 21} The issue of the guardian's fees did not merge into the dismissal entry filed June 19, 2008. The entry expressly states that it resolves only the issues pending between the parties, and nothing in the entry suggests that the pending issues between appellant and the guardian regarding nonpayment of fees was intended to be resolved in that entry. Further, the entry states that all temporary orders shall remain in full force and effect. Thus, the order for guardian fees remained in effect and did not merge into the dismissal entry. *Page 8 
 {¶ 22} The second assignment of error is overruled.
 {¶ 23} The judgment of the Richland County Common Pleas Court, Domestic Relations Division, is affirmed.
Edwards, J., Wise, P.J. and Delaney, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.
[1] Appellant points out that the April 30, 2008 order to pay guardian fees was an interlocutory order at the time it was filed because the court retained jurisdiction to reallocate fees at a later date. But appellant argues that the terms of this order are subject to review at this time. Appellant filed a notice of appeal of a prior order to pay guardian's fees in the instant case, where the court had also reserved jurisdiction to reallocate fees. On April 11, 2008, we dismissed that appeal for want of jurisdiction on the basis that the order appealed from was not a final, appealable order. Because the April 30, 2008, order contained the same language as the order appealed from in that case, we find the order was not final and appealable when issued. But we find that appellant can now challenge the terms of the original order. Where a non-appealable interlocutory order results in a judgment of contempt, the propriety of such an order is subject to review by the appellate court on appeal of the contempt finding. Smith v. Chester Twp.Bd. of Trustees (1979), 60 Ohio St.2d 13, paragraph one of the syllabus. *Page 1