PRAKASH, Appellant,

v.

PRAKASH, Appellee.

[Cite as *Prakash v. Prakash*, 181 Ohio App.3d 584, 2009-Ohio-1324.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–931.

Decided March 24, 2009.

Strip, Hoppers, Leithart, McGrath & Terlecky Co., L.P.A., and Joel R. Campbell, for appellant.

Tyack, Blackmore & Liston Co., L.P.A., and Thomas M. Tyack, for appellee.

FRENCH, Presiding Judge.

{¶ 1} Plaintiff-appellant, Ruby Prakash ("appellant"), appeals the decision and judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, which ordered appellant to undergo a psychological examination. Because the judgment from which appellant appeals is not a final, appealable order, we grant the request of defendant-appellee, Sanjeev Prakash ("appellee"), to dismiss this appeal.

{¶ 2} Appellant and appellee were divorced in 1998. They share parenting responsibilities for their minor child. Since 2006, both parties have filed numerous parenting-related motions. The trial court has held at least eight hearings and issued several orders.

{¶ 3} On September 28, 2008, the trial court issued a decision and judgment entry, which overruled objections to a magistrate's order requiring appellant, appellee, and their child to each undergo a psychological examination. The court's decision specifically referred to appellant's motion for reallocation of parental rights and responsibilities and the guardian ad litem's motion for the psychological evaluations.

{¶ 4} Appellant appeals the trial court's September 28, 2008 order, and she raises the following assignment of error:

It is error for the trial court to grant a motion for psychological evaluation of the parties and minor child in an action to enforce parental rights without an evidentiary hearing to establish the need, scope and cost of the evaluation pursuant to Ohio Civil Rule 35(A).

{¶ 5} Before reaching appellant's assignment of error, we must first address appellee's motion to dismiss. In that motion, appellee argues that the court's September 28, 2008 judgment was not a final, appealable order. We agree.

{¶ 6} Section 3(B)(2), Article IV, Ohio Constitution limits an appellate court's jurisdiction to the review of lower courts' final orders. Thus, it is well

established that an order must be final before an appellate court has jurisdiction to review it. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266. A final order is one that disposes of the whole case or some separate and distinct branch of it. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381, quoting *Lantsberry v. Tilley Lamp Co.* (1971), 27 Ohio St.2d 303, 306, 56 O.O.2d 179, 272 N.E.2d 127. If an order from which an appeal is taken is not final and appealable, the appellate court must dismiss the appeal. *Farmers Market Drive–In Shopping Ctrs., Inc. v. Magana*, 10th Dist. No. 06AP–532, 2007-Ohio-2653, 2007 WL 1560276, ¶ 10, citing *Renner's Welding & Fabrication, Inc. v. Chrysler Motor Corp.* (1996), 117 Ohio App.3d 61, 64, 689 N.E.2d 1015. See also *McClary v. M/I Schottenstein Homes, Inc.*, 10th Dist. No. 03AP–777, 2004-Ohio-7047, 2004 WL 2980561, ¶ 15.

{¶ 7} The Supreme Court of Ohio has set forth a two-step analysis for determining whether an order is final and appealable. See *Gen. Acc. Ins. Co.*, 44 Ohio St.3d at 21, 540 N.E.2d 266. First, the appellate court must determine whether the order constitutes a final order as defined by R.C. 2505.02. If the order complies with R.C. 2505.02, the court must determine whether Civ.R. 54(B) language is required and, if so, whether the order contains a certification that "there is no just reason for delay."

{¶ 8} R.C. 2505.02(B) defines a final order as "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment; [or] (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

{¶ 9} We focus on R.C. 2505.02(B)(2), which states that an order in a special proceeding that affects a substantial right is a final order, and we consider, first, whether the action underlying this appeal is a special proceeding. A special proceeding is an "action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). The Supreme Court of Ohio has concluded that the right of divorce did not exist at common law. *State ex rel. Papp v. James* (1994), 69 Ohio St.3d 373, 379, 632 N.E.2d 889, quoting *Jelm v. Jelm* (1951), 155 Ohio St. 226, 231, 44 O.O. 246, 98 N.E.2d 401. Instead, actions for divorce, alimony, property division, and child custody have all been defined by statute. See *Papp* at 379, 632 N.E.2d 889. Accordingly, Ohio courts have held that a divorce proceeding, including any ancillary proceeding on custody-related claims, is a "special * * * proceeding" for purposes of R.C. 2505.02. *Papp* at 379, 632 N.E.2d 889, citing *Dansby v. Dansby* (1956), 165 Ohio St. 112, 113, 59 O.O. 129, 133 N.E.2d 358, and *In re Murray* (1990), 52 Ohio St.3d 155, 161, 556 N.E.2d 1169 (Douglas, J., concurring in syllabus and judgment). Applying these princi-

ples here, we conclude that the trial court's order arose in a special proceeding for purposes of R.C. 2505.02.

{¶ 10} Having determined that the trial court issued its order in a special proceeding, we consider whether the order affects a substantial right. R.C. 2505.02(A)(1) defines a substantial right as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."

{¶ 11} Here, the trial court ordered the psychological evaluation pursuant to Civ.R. 35(A). Civ.R. 35(A) allows a court to order a party to submit to a physical or mental examination when the mental or physical condition of the party is in controversy, and the order is made on motion for good cause shown and with notice to the party.

{¶ 12} Appellee asserts that this court has previously held that "a Civ.R. 35(A) order for a mental examination affects a substantial right when made in a custody action. Thus, this order is final and appealable." *Shoff v. Shoff* (July 27, 1995), 10th Dist. No. 95APF01–8, 1995 WL 450249. See also *In re Guardianship of Johnson* (1987), 35 Ohio App.3d 41, 43, 519 N.E.2d 655 (holding that a Civ.R. 35(A) order requiring psychiatric examination in guardianship proceeding affects substantial right); *Williamson v. Williamson* (Nov. 25, 1997), 10th Dist. No. 97APF05–629, 1997 WL 746425 (applying *Shoff* reasoning upon review of trial court order requiring psychological examination as part of ruling on motion for new trial following divorce decree).

{¶ 13} We note, however, that the Supreme Court of Ohio has addressed this issue more recently, and its holding is contrary to the prior holdings of this court. In *Myers v. Toledo,* 110 Ohio St.3d 218, 2006-Ohio-4353, 852 N.E.2d 1176, ¶ 1, the Supreme Court accepted the following question, certified as a conflict: "Is a ruling which grants a Civ.R. 35(A) motion for a physical or mental examination made in a special proceeding such as a divorce case or worker's compensation case, a final appealable order under either R.C. 2505.02(B)(2) or R.C. 2505.02(B)(4)?" The court "answer[ed] the question in the negative. An order granting a physical or medical examination, made in a special proceeding, is not a final, appealable order." Id.

{¶ 14} In reaching this conclusion, the court considered whether an order requiring a medical examination, pursuant to Civ.R. 35(A), affected a substantial right. The *Myers* court stated, at ¶ 22:

A party to a cause of action in which the physical condition of the party is in controversy does not have a substantial right to prevent a court from ordering a physical examination. Therefore, a court order requiring a party to submit

to an independent medical examination, for good cause shown, does not affect a substantial right and is not a final, appealable order under R.C. 2505.02(B)(2).

{¶ 15} Appellant asks us to distinguish *Myers* from the case before us. Appellant acknowledges that the *Myers* court certified the question whether an order granting a motion for a "physical or mental examination" was final and appealable under R.C. 2505.02. Id. at ¶ 1. Appellant points out, however, that the *Myers* holding and its substantive discussion refer only to a "physical or medical examination," and not to a "mental examination." While we also acknowledge the difference between the *Myers* certified question and the *Myers* holding, we conclude that the *Myers* holding applies here, where a psychological examination is at issue.

{¶ 16} First, the court's reference in *Myers* to a "medical examination" is broad enough to include a psychological examination. Second, the court accepted the *Myers* appeal based on a conflict among appellate courts, including *Harness v. Harness* (2001), 143 Ohio App.3d 669, 758 N.E.2d 793, which considered whether a trial court's order requiring psychological examinations, pursuant to Civ.R. 35(A), was final and appealable under R.C. 2505.02. Third, we discern no basis for distinguishing a psychological examination from a physical examination for purposes of R.C. 2505.02.

{¶ 17} Appellant asserts that, under certain circumstances, a psychological examination is more intrusive than a physical examination. She argues that that is particularly true here, where the court's order arose from a contempt proceeding, as opposed to an order that might arise, for example, in an action where a disagreement about the existence of a physical injury lies at the very heart of the case. While we acknowledge the intrusion a party may perceive as a result of an involuntary psychological evaluation, we do not agree that such an evaluation affects rights more substantial than those affected by the physical examination at issue in *Myers*.

{¶ 18} Here, contrary to appellant's assertions, the mental health of the parties and their daughter is important to the issues before the trial court. The trial court had before it a motion to reallocate parental rights and responsibilities. R.C. 3109.04 requires it to consider the child's best interest when determining the allocation of parental rights and responsibilities, and R.C. 3109.04(F)(1)(e) identifies the mental health of the parents and the child as a factor in making that determination.

{¶ 19} The court also found that the "plethora of pleadings, supporting memoranda and sworn affidavit(s)" filed by the parties, including appellee's motion for a contempt order against appellant and appellant's response to that motion, contained allegations of parental alienation and sexual abuse. Such allegations place the mental health of the parties and their daughter squarely at

issue and show the need for, and the importance of, psychological evaluations in resolving the issues between the parties.

{¶ 20} For all these reasons, and based on *Myers*, we conclude that the trial court's order requiring the parties and their minor child to submit to a psychological examination, pursuant to Civ.R. 35(A), is not a final, appealable order under R.C. 2505.02(B)(2). To the extent that our prior holdings in *Johnson, Shoff,* and *Williamson* are to the contrary, we overrule them.

{¶ 21} Having determined that the order from which appellant appeals is not a final, appealable order under R.C. 2505.02, we conclude that this court lacks jurisdiction over this matter. Therefore, we grant appellee's motion, and we dismiss appellant's appeal.

Appeal dismissed.

KLATT and CONNOR, JJ., concur.