[Cite as *Taphorn v. Caudill-Taphorn*, 2014-Ohio-587.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JOHN MATTHEW TAPHORN | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 13CA18 |
| | : | |
| ERIN K. CAUDILL-TAPHORN NKA | : | |
| BARLAY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Knox County Court of
Common Pleas, Domestic Relations
Division, Case No. 09 DC 03-0071


JUDGMENT:      DISMISSED


DATE OF JUDGMENT ENTRY:      February 10, 2014


APPEARANCES:

For Plaintiff-Appellee:      For Defendant-Appellant:

No Appellate Brief Filed      ERIN K. CAUDILL TAPHORN NKA
ERIC K. BARLAY, pro se
5602 A Congressional Place
Hilliard, OH 43026

*Delaney, J.*

{¶1}  Defendant-Appellant Erin K. Caudill Taphorn nka Erin K. Barlay appeals the June 6, 2013 judgment entry of the Knox County Court of Common Pleas, Domestic Relations Division.

**FACTS AND PROCEDURAL HISTORY**

{¶2}  John Taphorn and Defendant-Appellant Erin K. Caudill Taphorn nka Erin K. Barlay were divorced in 2010.  During the divorce, the trial court appointed Troy A. Reed as Guardian ad Litem for the parties' minor children.

{¶3}  John Taphorn filed a Motion for Reallocation of Parental Rights and Responsibilities on February 13, 2013.  Taphorn also filed a Motion for Appointment of Guardian ad Litem.  Barlay opposed the motion for reallocation of parental rights.  She also opposed the motion for appointment of the Guardian ad Litem.  Barlay opposed the motion for Guardian ad Litem on the basis that it was not in the best interests of the children.  In the alternative, Barlay requested the trial court appoint a Guardian ad Litem other than Troy A. Reed.

{¶4}  On March 20, 2013, the trial court appointed Troy A. Reed as the Guardian ad Litem.  The trial court ordered Taphorn to deposit $740.00 and Barlay to deposit $260.00 in the Guardian ad Litem's trust account.  The deposit was to be paid no later than April 4, 2013.  After the initial deposit, the trial court ordered Taphorn to pay 74% and Barlay to pay 26% of the Guardian ad Litem fees.

{¶5}  Barlay filed a motion to remove Troy A. Reed as Guardian ad Litem. Barlay wrote a letter to the judge requesting Reed's removal as Guardian ad Litem.  On

April 26, 2013, the trial court denied Barlay's motion to remove Reed as Guardian ad Litem.

{¶6}   On May 3, 2013, Reed filed a motion to withdraw as Guardian ad Litem. He simultaneously filed an application for approval of Guardian ad Litem fees.  In the application, Reed requested the trial court order Barlay to pay the total accrued Guardian ad Litem fees based on Barlay's motions to remove Reed as the Guardian ad Litem.  Reed noted Barlay failed to pay her deposit as ordered by the trial court on March 20, 2013.  The itemized statement from March 20, 2013 through April 28, 2013 reflected GAL fees in the amount of $840.00.  Barlay filed a response to the motion to withdraw and application for fees.

{¶7}   The trial court granted Reed's motion to withdraw as Guardian ad Litem on May 6, 2013.  On June 6, 2013, the trial court ordered Barlay to pay the Guardian ad Litem fees in the amount of $840.00.  Barlay was ordered to pay the fees within 30 days of the date of the judgment entry.  The trial court appointed a new Guardian ad Litem in a separate entry.

{¶8}   On July 8, 2013, Barlay filed a notice of appeal of the June 6, 2013 judgment entry.

{¶9}   On October 9, 2013, the trial court denied Taphorn's motion for reallocation of parental rights and responsibilities.

**ASSIGNMENTS OF ERROR**

{¶10} Barlay raises four Assignments of Error:

{¶11} "I. THE TRIAL COURT ERRED IN ALLOWING APPELLEE'S (AS DEFINED BELOW) FEES.

{¶12} "II. THE TRIAL COURT ERRED IN ALLOWING THE PORTION OF APPELLEE'S FEES THAT ACTUALLY REPRESENT ATTORNEY WORK BY HIM ON HIS OWN BEHALF.

{¶13} "III. THE TRIAL COURT ERRED IN ORDERING APPELLANT (AS DEFINED BELOW) HERSELF TO PAY THE FULL AMOUNT OF APPELLEE'S FEES.

{¶14} "IV. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST, IN HER OBJECTION TO APPELLEE'S FEES, TO HOLD IN ABEYANCE UNTIL THE UNDERLYING MOTION FOR REALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES IS FULLY AND FINALLY RESOLVED."

## ANALYSIS

{¶15} The Ohio Rules of Civil Procedure provide, "[w]hen it is essential to protect the interests of a child, the court may * * * appoint a guardian ad litem * * * for the child and tax the costs." Civ.R. 75(B)(2). Barlay argues in her appeal that it was error for the trial court to order Barlay to pay 100 % of the Guardian ad Litem fees within 30 days of the date of the order.

### *Final Appealable Order*

{¶16} Before we address the merits of Barlay's appeal, we first review the issue of whether the judgment entry ordering Barlay to pay $840.00 in Guardian ad Litem fees within 30 days of the date of the order constitutes a final appealable order. A "final order" includes "an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." R.C. 2505.02(B)(2). A "special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity."

R.C. 2505.02(A)(2). This matter arose out a motion for reallocation of parental rights after the parties' divorce. Ohio courts have held that a divorce proceeding, including any ancillary proceeding on custody-related claims, is a "special * * * proceeding" for purposes of R.C. 2505.02. *Prakash v. Prakash*, 181 Ohio App.3d 584, 2009-Ohio-1324, 910 N.E.2d 30, ¶ 9 (10th Dist.) citing *State ex rel. Papp v. James* (1994), 69 Ohio St.3d 373, 379, 632 N.E.2d 889, citing *Dansby v. Dansby*, 165 Ohio St. 112, 113, 133 N.E.2d 358 (1956), and *In re Murray*, 52 Ohio St.3d 155, 161, 556 N.E.2d 1169 (1990).

{¶17} A "substantial right" is a right that "a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). "An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.,* 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993). For Barlay to prevail in asserting the June 6, 2013 judgment entry affects a substantial right she "must demonstrate that in the absence of immediate review of the order they will be denied effective relief in the future." *Id.*

{¶18} Taphorn's motion for reallocation of parental rights and responsibilities gave rise to the GAL's motion to withdraw and application for fees. At the time Barlay filed her appeal of the June 6, 2013 judgment entry ordering her to pay the GAL fees, there was no final decision by the trial court on Taphorn's motion for reallocation of parental rights. This Court has held that an order to pay GAL fees, without a final decision as to custody, is an interlocutory order and is not final and appealable. *See Smith v. Quigg*, 5th Dist. Fairfield Nos. 05-CA-61, 05-CA-62, 05-CA-79, 2006-Ohio-1670, ¶ 10; *Rose v. Rose*, 5th Dist. Richland No. 2008 CA 0065, 2009-Ohio-1479, ¶ 13,

FN. 1. *See also Davis v. Lewis*, 10th Dist. Franklin No. 99AP-814, 2000 WL 1808291 (Dec. 12, 2000).

{¶19} The Eleventh District Court of Appeals has held a judgment entry ordering the parties to pay GAL fees is a final appealable order. In *Jackson v. Herron*, 11th Dist. Lake No. 2004-L-045, 2005-Ohio-4039, the court held a judgment ordering the parties to pay GAL fees was a final appealable order. The underlying matter in *Jackson* was an ongoing custody dispute between the parties. The trial court appointed a Guardian ad Litem and ordered the parties to pay GAL fees. The mother objected, arguing she was indigent and requested the GAL be appointed at public expense. The trial court denied the motion. *Id.* at ¶ 2-5. The mother appealed. The court found the order to pay GAL fees was a final appealable order because the order, if not immediately appealable, would not afford the mother appropriate relief in the future. *Id.* at ¶ 8. In making its decision, the court noted the ongoing nature of the proceedings. The court found the litigation over the child's custody would potentially continue until the child reached the age of majority and if not immediately appealable, the issue presented would be over eight years old. *Id.*

{¶20} The Eleventh District Court of Appeals relied on *Jackson v. Herron* in *Bayus v. Bayus*, 11th Dist. Trumball No. 2011-T-0062, 2012-Ohio-1462, to find a judgment ordering the parties to pay GAL fees was a final appealable order. In that case, the appellee filed a post-decree motion to terminate a shared parenting plan. A GAL was appointed for the child. The parties settled their dispute over the shared parenting plan and appellee withdrew her motion to terminate the shared parenting plan. The GAL filed a motion for final GAL fees and the trial court granted the motion,

ordering the appellant to pay the remaining GAL fees because he did not pay the initial deposit. The appellant appealed the decision. On appeal, the GAL argued the judgment ordering the parties to pay GAL fees was not a final appealable order. The court rejected the argument, relying upon its decision in *Jackson v. Herron* that an order to pay GAL fees was a final and appealable order.

{¶21} We find that *Bayus* can be differentiated from *Jackson* and is more akin to the line of cases on this issue in the Fifth District. In *Bayus*, there was a final decision as to custody based on the settlement of the dispute over the shared parenting plan and appellee's withdrawal of her motion to terminate the shared parenting plan. The final decision as to custody rendered the decision a final and appealable order. The facts of *Jackson* are different from *Bayus* and the present case. In *Jackson,* there was an ongoing custody dispute that, in the court's opinion, would not resolve until the child's age of majority. GAL fees would continue to accrue during the pendency of that case. If it were not immediately determined whether the trial court should have considered the mother's indigency, the GAL fees would accrue for years.

{¶22} The factual scenario in the present case is not comparable to the facts in *Jackson*. In the case sub judice, Troy A. Reed moved to withdraw from the case as the Guardian ad Litem and requested the trial court order Barlay to pay his accrued GAL fees. The trial court granted the motion to withdraw and ordered Barlay to pay 100% of the fees based on Barlay's objection to the GAL and motions for his removal. While the custody issues in this case may continue, the nature of the trial court's decision as to the GAL fees of Troy A. Reed was interlocutory.

{¶23} Barlay has avenues to challenge the terms of the June 6, 2013 order. First, she can appeal the order after the trial court makes its decision on the motion for reallocation of parental rights. Second, if a non-appealable interlocutory order results in the trial court finding Barlay in contempt, the propriety of such an order is subject to review by the appellate court on appeal of the contempt finding. *Rose v. Rose*, 5th Dist. Richland No. 2008 CA 0065, 2009-Ohio-1479, ¶ 13, FN. 1.

{¶24} Accordingly, we find the June 6, 2013 judgment entry is not a final and appealable order. This court is without jurisdiction to consider the merits of the appeal.

## CONCLUSION

{¶25} The appeal of the June 6, 2013 judgment entry is dismissed.


By:  Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.