[Cite as *In re J.P.*, 2021-Ohio-2240.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE: J.P., K.P., & V.P.

JUDGES:
Hon., William B. Hoffman, P.J.
Hon. Patricia A. Delaney, J.
Hon. Earle E. Wise, Jr., J.

Case Nos. 2020 CA 0079, 2020 CA 0080,
and 2020 CA 0081

O P I N IO N

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Richland County Court of Common Pleas, Juvenile Division, Case Nos. 2020 DEP 00167, 2020 DEP 00168, & 2020 DEP 00169 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | June 30, 2021 |

APPEARANCES:

For Richland County Children Services

TIFFANY D. BIRD
Richland County Children Services
731 Scholl Road
Mansfield, Ohio 44907

For Mother

JOHN DILTS
28 S. Park Street
Mansfield, Ohio 44902

For Father-Appellant

DARIN AVERY
105 Sturges Avenue
Mansfield, Ohio 44903

*Hoffman, P.J.*

{¶1}    In Richland App. Nos. 20 CA 79, 20 CA 80, and 20 CA 81, appellant Dimitre Partin ("Father") appeals three November 24, 2020 Judgment Entries entered by the Richland County Court of Common Pleas, Juvenile Division, which overruled his motions to disqualify the magistrate.    Appellee is Richland County Children Services Board ("RCCSB").[1]

STATEMENT OF THE CASE[2]

{¶2}    Father and Mandy Jaynes[3] ("Mother") are the biological parents of the three minor children subject to these appeals ("the Children").   On October 23, 2020, RCCSB filed Complaints alleging the Children were dependent. RCCSB filed motions for temporary custody on the same day.   The motions came on for hearing before the magistrate on November 4, 2020.  Via Magistrate's Orders filed November 4, 2020, the magistrate noted Father and Mother failed to appear, adding service of process upon Father and Mother had not been completed.   The magistrate continued the matter until November 17, 2020.   In separate orders also filed November 4, 2020, the magistrate placed the Children in the temporary custody of their maternal grandparents.

{¶3}    On November 4, 2020, following the issuance of the magistrate's temporary custody orders, Father filed Motions for Disqualification of Magistrate and for Court Review of Hearing Concerning Temporary Order.   For cause, Father noted "the magistrate issued the order[s] and made factual findings and findings of reasonable efforts without hearing evidence despite the agency having ability to obtain a caseworker

---

[1] RCCSB did not file a Brief.
[2] A Statement of the Facts is not necessary to our disposition of this appeal.
[3] Mother is not a party to this appeal.

to testify and counsel for father being present." *Id.* Father added, "For further cause, the magistrate stated that he relied on the pleadings and his own familiarity with prior cases involving the family." *Id.*

**{¶4}** On November 16, 2020, Mother filed motions for the immediate return of the Children, and Father filed motions to set aside the temporary orders. On November 17, 2020, the trial court conducted a hearing on RCCSB's motions requesting temporary orders of temporary custody of the Children as well as the magistrate's orders granting temporary custody to RCCS on an interim basis.

**{¶5}** Via Judgment Entries filed November 24, 2020, the trial court overruled Father's motions to disqualify the magistrate. The trial court specifically found "[t]he magistrate did not demonstrate prejudice in [these cases] based upon prior experience with the father or mother or on any other basis argued for by counsel for father." *Id.* at 2. The trial court further found the hearings before the magistrate on November 4, 2020, were, in essence, *ex parte* orders authorized by Juv. R. 13 and R.C. 2151.33. *Id.* at 1. We agree.

**{¶6}** Via Judgment Entries filed December 9, 2020, the trial court continued "the previous Interim Order[s] of Temporary Custody to" RCCSB. *Id.* at 1. The trial court found probable cause existed to continue the temporary orders of temporary custody and RCCSB made reasonable efforts to prevent removal of the Children from the home. The trial court issued Amended Judgment Entries on December 22, 2020, continuing temporary custody with maternal grandparents.

**{¶7}** It is from the November 24, 2020 judgment entries Father appeals[4], raising the following identical assignments of error in the three appeals:

I. THE TRIAL COURT ERRED IN TREATING PLEADINGS AS EVIDENCE.

II. THE COURT ERRED IN CONSIDERING EVIDENCE NOT SUBJECT TO CROSS EXAMINATION.

III. THE COURT ERRED IN TAKING JUDICIAL NOTICE OF PRIOR PROCEEDINGS INVOLVING THE PARTIES.

IV. THE COURT DENIED FATHER DUE PROCESS OF LAW BY CONSIDERING EVIDENCE NOT SUBJECT TO EXAMINATION BY FATHER'S COUNSEL.

V. THE COURT ERRED IN MAKING FINDINGS WITHOUT HEARING EVIDENCE.

VI. THE COURT ERRED IN FINDING THAT RCCS MADE REASONABLE EFFORTS TO PREVENT THE REMOVAL OF THE CHILD FROM THE CHILD'S HOME.

VII. THE COURT ERRED IN REFUSING TO DISQUALIFY THE MAGISTRATE FOR PREJUDICE.

VIII. THE COURT ERRED IN APPLYING AN INCORRECT AND UNCONSTITUTIONAL LEGAL STANDARD TO REMOVE A CHILD FROM HER HOME. THUS, R.C. 2151.33 IS UNCONSTITUTIONAL AS APPLIED.

---

[4] Father filed his Notices of Appeal on December 24, 2020.

IX. THE COURT ERRED IN CHARACTERIZING THE MAGISTRATE'S ORDER AS "IN ESSENCE AN EX PARTE ORDER."

X. IF THE COURT DID ISSUE AN EX PARTE ORDER, IT ERRED IN DOING SO.

XI. THE COURT ERRED IN FAILING TO HOLD A HEARING WITHIN THE TIME REQUIRED BY STATUTE AND RULE AND THEREBY DENIED FATHER DUE PROCESS OF LAW.

XII. THE COURT ERRED IN DECLINING TO SET ASIDE THE MAGISTRATE'S ORDER.

XIII. THE COURT ERRED IN FINDING THAT IT HAD NOT HELD A HEARING ON THE MATTER OF TEMPORARY CUSTODY.

**{¶8}** These cases come to us on the expedited calendar and shall be considered in compliance with App. R. 11.2(C).

**{¶9}** As a preliminary matter, we must first determine whether the November 24, 2020 Judgment Entries are final appealable orders. If an order is not final and appealable, then we do not have jurisdiction to review the matter and must dismiss the appeal. See, *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

**{¶10}** To be final and appealable, an order must comply with R.C. 2505.02, which provides, in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

* * *

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.

**{¶11}** "The entire concept of final orders is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." *Browder v. Shea*, 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 10 (Internal quotations omitted in original. Citations omitted). A trial court order is final and appealable only if it satisfies the requirements in R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Eng. Excellence Inc. v. Northland Assocs., L.L.C.*, 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 10.

**{¶12}** The Supreme Court of Ohio has determined proceedings in the juvenile division are special statutory proceedings within the meaning of R.C. 2505.02(B)(2) and parental rights qualify as "substantial rights" for purposes of R.C. 2505.02(B)(2). *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 360 (1994). "An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993). However, a number of appellate districts, including this one, have found a trial court's order denying a party's motion to disqualify the magistrate is not a final appealable order, concluding such does not affect a substantial right when other issues remain pending. See, *Tassone v. Tassone*, 10th Dist. Franklin No. 18AP-810, 2019-Ohio-1018; *Dunham v. Ervin*, 10th Dist. Franklin No. 17AP-79, 2017-Ohio-7616; *Aloi v. Enervest*, 11th Dist.

Portage No. 2011-P-0023, 2011-Ohio-5112; *Robinson v. Prudential Ins.*, 5th Dist. Tusc. No. 1998CA00058 (Jan. 19, 1999).

**{¶13}** At the time of the filing of Appellant's Notices of Appeal, the trial court had yet to make any substantive determinations on the merits of the underlying complaints alleging dependency.  The trial court had not yet conducted adjudicatory and dispositional hearings. Following the November 17, 2020 hearing conducted by the trial court, the court found probable cause existed to continue the temporary order of temporary custody to RCCSB.  See, December 9, 2020 Judgment Entries. Appellant did not file Notices of Appeal from those entries.  We note, even if Father had appealed, such entries would not constitute final appealable order.  See, *In re Nice* (2001), 141 Ohio. App.3d 445, 455, 751 N.E.2d 552 (recognizing "a preadjudicatory temporary custody order is not a final appealable order"); *In the Matter of Calvin, Anthony, Alyshia, and Samantha Borntreger,* Geauga App. No. 2001-G-2379, 2002-Ohio-6468 ("The May 18, 2001, judgment entry does not contain an adjudication.  It does contain a grant of temporary custody of a preadjudicatory interim basis.  However, since there is not an adjudication, this judgment entry is not a final appellate order[.]").

{¶14} Accordingly, we decline to address the merits of Father's arguments at this time as the orders being appealed are not final and appealable.

{¶15} Father's appeals are dismissed.

By: Hoffman, P.J.

Delaney, P.J. and

Wise, Earle, J. concur