[Cite as *Tassone v. Tassone*, 2021-Ohio-4063.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Zephynia S. Tassone, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 20AP-426 |
| v. | : | (C.P.C. No. 17DR-4399) |
| Matthew Tassone, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on November 16, 2021

---

**On brief:** *Matthew Tassone*, pro se. **Argued:** *Matthew Tassone*.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

KLATT, J.

{¶ 1} Defendant-appellant, Matthew Tassone, appeals an order of the Franklin County Court of Common Pleas, Division of Domestic Relations. For the following reasons, we dismiss this appeal.

{¶ 2} Matthew Tassone and plaintiff-appellee, Zephynia S. Tassone, married on July 6, 2011. During their marriage, the parties had one child.

{¶ 3} On November 30, 2017, Zephynia filed a complaint for divorce and sought custody of the parties' minor child. Matthew answered the complaint and filed a counterclaim for divorce. He, too, sought custody of the parties' minor child.

{¶ 4} Proceeding pro se, Matthew has submitted a plethora of pre-trial motions to the trial court. Matthew has unsuccessfully appealed several of the trial court's orders to

this court. *Tassone v. Tassone*, 10th Dist. No. 19AP-382, 2020-Ohio-3151, ¶ 2 (listing the appeals this court has dismissed because Matthew did not appeal from a final, appealable order).

{¶ 5} This appeal arises from the trial court's August 14, 2020 order. In that order, the trial court required both parties to submit to diagnostic psychological evaluations. Previously, the trial court had ordered the parties to undergo custodial evaluations, which the court specified would include psychological evaluations if deemed necessary by the custodial evaluator. When the court-appointed custodial evaluator requested diagnostic psychological evaluations of the parties prior to completing his custodial evaluations, the trial court issued the August 14, 2020 order.

{¶ 6} Additionally, in the August 14, 2020 order, the trial court determined that "the allegations, information and record in this matter substantiates the relevancy of each party's medical, psychological, psychiatric and mental health care records for purposes of the Court's requirement to consider the mental and physical conditions of each parent to determine custody of the minor child." (Emphasis sic.) (Aug. 14, 2020 Order at ¶ 5.) The trial court, therefore, required each parent to sign any and all releases deemed necessary by the psychological evaluator and custodial evaluator to allow them to obtain medical or mental health records for the purposes of completing the evaluations.

{¶ 7} Finally, the trial court stated, "[t]he Court has previously reviewed Matthew Tassone's Veterans Administrations health care records in camera and finds them to be relevant to the mental and physical conditions of Matthew Tassone." (Emphasis sic.) (Aug. 14, 2020 Order at ¶ 6, 12.) The trial court then authorized the psychological evaluator and custodial evaluator to obtain copies of Matthew's health care records directly from the Veterans Administration.

{¶ 8} On appeal, Matthew assigns the following errors:

> 1. the trial courts September 28th, 2018 order ordering a psychological evaluation (AKA a "custodial evaluation") was obtained via extrinsic fraud & collateral fraud; therefore, it is void & not subject to enforcement.
>
> 2. The trial courts August 14th, 2020 order ordering a "psychological evaluation" was founded upon the September 28th, 2018 order ordering a psychological evaluation of Defendant, and is therefore void.

3. The August 14th, 2020 order ordering a psychological evaluation of Appellant & the September 18th, 2018 order ordering a "custodial evaluation" were obtained in violation of the Due Process Clauses of the Constitution of the United States and the Ohio Constitution.

4. The August 14th, 2020 order ordering a psychological evaluation of Appellant illegally orders the disclosure of privileged information.

5. The trial court failed to follow it's own order & the August 14th, 2020 order ordering a psychological examination of Appellant is illegal, arbitrary and capricious, and an abuse of discretion

6. The judicial officers lied and alleged that a recording of the June 15th, 2018 hearing existed, when it does not.

7. Appeal is not an effective remedy for Appellant in the state of Ohio.

8. R.C. 3109.04(C) is of no further force or effect pursuant to the Ohio Constitution because R.C. 3109.04(C) is in conflict with the procedural requirements of Ohio Civ.R. 35(A)[1]

{¶ 9} Matthew's first through third and sixth through eighth assignments of error relate to the part of the August 14, 2020 order that required him to undergo a diagnostic psychological evaluation. We will address those assignments of error together.

{¶ 10} Article IV, Section 3(B)(2) of the Ohio Constitution establishes that courts of appeals only "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." R.C. 2505.03(A) restricts the jurisdiction of courts of appeals to the review of final orders, judgments, or decrees. *Flynn v. Fairview Village Retirement Community, Ltd.*, 132 Ohio St.3d 199, 2012-Ohio-2582, ¶ 5. Thus, if an appealed judgment is not a final order, judgment, or decree, a court of appeals lacks jurisdiction to review it. *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, ¶ 21. Even if the parties do not raise the question of jurisdiction, when a court of appeals suspects the appealed judgment

---

[1] We quote Matthew's assignments of error verbatim, without correcting any grammatical errors.

is not a final, appealable order, it must sua sponte consider whether it possesses the jurisdiction necessary to hear the appeal. *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544 (1997); *Leonard v. Huntington Bancshares, Inc.*, 10th Dist. No. 13AP-843, 2014-Ohio-2421, ¶ 8.

{¶ 11} R.C. 2505.02(B) sets forth different types of final, appealable orders. To qualify as a final, appealable order, an order must satisfy the criteria of one of these types of final, appealable orders. *Flynn* at ¶ 5. An order requiring a party to submit to a diagnostic psychological evaluation in a divorce proceeding could conceivably constitute a final, appealable order under R.C. 2505.02(B)(2) or 2505.02(B)(4).

{¶ 12} Pursuant to R.C. 2505.02(B)(2), an order is final if it "affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." A "special proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Because divorce is a statutory matter that did not exist at common law, divorce proceedings qualify as special proceedings. *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, ¶ 12. Thus, we must consider whether ordering Matthew to undergo a diagnostic psychological evaluation affected a substantial right.

{¶ 13} A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Arguably, a court order requiring a medical examination invades a person's privacy. *Myers v. Toledo*, 110 Ohio St.3d 218, 2006-Ohio-4353, ¶ 19. However, "[t]he right to be free from an unwanted medical examination is found in the common law," not in constitutional law, and "common-law privileges [are] subject to statutory change." *Id.* Moreover, Ohio common law has historically permitted medical examinations of parties in particular cases. *Id.* at ¶ 20.

{¶ 14} Here, the trial court ordered Matthew to undergo a diagnostic psychological evaluation under R.C. 3109.04(C), which permits a court tasked with allocating parental rights and responsibilities to "order the parents * * * to submit to medical, psychological, and psychiatric examinations." Thus, to the extent that a common-law right against psychological examination existed, R.C. 3109.04(C) abrogated it where allocation of custody is at issue. *See Myers* at ¶ 20 ("At least between plaintiff and defendant there does

not appear to be a common-law right against medical examination, and even if there was a common-law right it has been abrogated by [Civ.R. 35].").

{¶ 15} A parent in a divorce action, therefore, does not have a substantial right to prevent a court from ordering a psychological examination. Accordingly, a court order requiring a parent to submit to a psychological examination does not affect a substantial right. *See In re B.M.*, 9th Dist. No. 12CA0009, 2012-Ohio-4093, ¶ 24; *Prakash v. Prakash*, 181 Ohio App.3d 584, 2009-Ohio-1324, ¶ 14-17 (10th Dist.). Because Matthew cannot satisfy all the criteria of R.C. 2505.02(B)(2), the part of the August 14, 2020 order mandating he undergo a diagnostic psychological evaluation is not final and appealable under that provision.

{¶ 16} We next turn to R.C. 2505.02(B)(4), which applies to provisional remedies. A "provisional remedy" is "a proceeding ancillary to an action." R.C. 2505.02(A)(3). In *Myers*, the Supreme Court of Ohio determined that a request for a medical examination under Civ.R. 35(A) is not a provisional remedy. *Id.* at ¶ 24-25. As requests under both Civ.R. 35(A) and R.C. 3109.04(C) seek similar (if not the same) remedies, we follow *Myers* and conclude that a request under R.C. 3109.04(C) is not a provisional remedy. Consequently, the part of the August 14, 2020 order requiring Matthew to submit to a diagnostic psychological evaluation is not a final and appealable order under R.C. 2505.02(B)(4), either.

{¶ 17} In sum, we conclude that we lack jurisdiction to review the part of the August 14, 2020 order requiring Matthew to undergo a diagnostic psychological examination. We thus dismiss the first through third and sixth through eighth assignments of error.

{¶ 18} By Matthew's fourth and fifth assignments of error, he argues that the trial court erred in ordering the disclosure of privileged medical records. We will not address that issue because it is moot.

{¶ 19} As a general matter, courts do not decide moot issues. *Rithy Properties, Inc. v. Cheeseman*, 10th Dist. No. 15AP-641, 2016-Ohio-1602, ¶ 14. Moot issues involve no actual genuine live controversy, the decision of which can definitely affect existing legal relations. *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, ¶ 11 (10th Dist.). In other words, moot issues have no practical significance, and, instead, present hypothetical or

academic questions. *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, ¶ 55.

{¶ 20} Here, the trial court ordered Matthew to submit to a diagnostic psychological evaluation so it could obtain a full and complete custodial evaluation of Matthew. The trial court intended to use the custodial evaluations of both parents to determine what custody arrangements served the best interest of the parties' child. On June 1, 2021, the trial court issued a final judgment in the parties' divorce and allocated the parental rights and responsibilities for the parties' child.[2] The trial court did so without the aid of a custodial evaluation of Matthew. Quite simply, Matthew never scheduled or appeared for a diagnostic psychological evaluation or custodial evaluation. With a final order now entered on the record, Matthew will not have to undergo either a diagnostic psychological evaluation or custodial evaluation pursuant to the August 14, 2020 order. Neither evaluator, therefore, will attempt to access his medical records because neither evaluator will have reason to complete an evaluation pursuant to the August 14, 2020 order. Because Matthew's medical records are no longer in danger of disclosure pursuant to the August 14, 2020 order, his challenge to the trial court's decision is moot. Accordingly, we dismiss Matthew's fourth and fifth assignments of error.

{¶ 21} For the foregoing reasons, we dismiss Matthew Tassone's first through eighth assignments of error, and we dismiss this appeal.

*Appeal dismissed.*

DORRIAN, P.J., concurs in judgment only.
BROWN, J., concurs.

DORRIAN, P.J., concurring in judgment only.

{¶ 22} I recognize the binding authority of *Myers v. Toledo*, 110 Ohio St.3d 218, 2006-Ohio-4353. Therefore, I respectfully concur in judgment only.

_____

[2] While the June 1, 2021 judgment is not contained in our record on appeal, a court may consider evidence from outside the record in determining whether an issue is moot. Loc.R. 9.1 of the Tenth District Court of Appeals; *State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 159 Ohio St.3d 47, 2020-Ohio-354, ¶ 5; *Darr v. Livingston*, 10th Dist. No. 16AP-315, 2017-Ohio-841, ¶ 16.