[Cite as *Conomy v. Conomy*, 2026-Ohio-82.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MOLLY J. CONOMY | Case No. 25 CAF 06 0047 |
| Plaintiff - Appellee Mother | Opinion And Judgment Entry |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Domestic Relations Division, Case No. 23 DR A 10 0625 |
| CHRISTOPHER F. CONOMY, | |
| Defendant - Appellant Father | Judgment:   Dismissed |
| and | Date of Judgment Entry:  January 12, 2026 |
| KATHERINE A. DISCH | |
| Third-party Defendant - Appellee Grandmother | |

**BEFORE:** Craig R. Baldwin; Andrew J. King; Robert G. Montgomery, Judges

**APPEARANCES:** MOLLY J. CONOMY, Pro Se, for Plaintiff - Appellee Mother; CHRISTOPHER P. CONOMY, Pro Se,  for Defendant - Appellant Father; REBECCA J. STUMLER, for KATHERINE A. DISCH, Third-party Defendant - Appellee Grandmother.


*Baldwin, P.J.*

{¶1}   The appellant, Christopher P. Conomy, appeals from the trial court's May 23, 2025, and June 18, 2025, Judgment Entries. The appellees are Molly J. Conomy, the appellant's wife; and, Katherine A. Disch, Molly J. Conomy's mother, who currently has temporary custody of the Conomy's children pursuant to an Agreed Temporary Order.

## STATEMENT OF FACTS AND THE CASE

{¶2} The parties herein have previously been before this Court on a number of different appellate cases, including both appeals and mandamus actions. The case of *State on the Rel. of Christopher P. Conomy v. Fuller,* 2024-Ohio-5771, (5th Dist.) succinctly summarized the factual background as follows:

[Christopher P. Conomy] is the father of two minor children. He is a defendant in a divorce case in Delaware County. Custody of the two minor children is a contested issue in the divorce. Judge Fuller serves as the presiding judge. Katharine [sic] Disch, Ms. Conomy's mother, is also a party in the domestic case related to the custody issues.

On October 26, 2023, Ms. Disch filed an emergency ex parte motion for an order awarding temporary custody of Conomy's children to her. Via his attorney, Conomy agreed to the order and allowed his children to be placed in the temporary custody of Ms. Disch. The domestic relations court subsequently granted Ms. Disch temporary, legal custody of both children and provided supervised parenting time to Conomy and Molly Conomy. The order also directed both children to begin counseling. Judge Fuller also appointed a guardian ad litem for the children.

Thereafter, Conomy sought extended visitation rights with the children, which the presiding magistrate denied. On May 30, 2024, Relator filed an "Emergency Ex Parte Motion for Change of Custody and Emergency Request for Judicial Hearing in Front of Someone Who Would Rather Not Have a Dead Child on Their Hands." In his motion, Conomy

argued he should be given custody of both children. Judge Fuller denied Conomy's motion on June 4, 2024.

Conomy appealed to this Court. We dismissed Conomy's appeal on August 19, 2024, finding Judge Fuller's decision was not a final, appealable order. Conomy filed this original action on August 30, 2024. The Delaware County Prosecutor's Office, on behalf of Judge Fuller, filed a Motion to Dismiss on September 27, 2024. Conomy filed a Memorandum in Opposition to Respondent Fuller's Motion to Dismiss on October 14, 2024. Judge Fuller filed a Reply in Support of Motion to Dismiss on October 18, 2024.

On October 23, 2024, Conomy filed a Motion for Summary Judgment with Request for Expedited Consideration. On November 7, 2024, Judge Fuller filed a Memorandum in Opposition to Petitioner's Motion for Summary Judgment. Conomy's summary judgment motion addresses the same arguments raised in his Memorandum in Opposition to Judge Fuller's Motion to Dismiss.

*Id.* at ¶¶ 4-8. The appellant had also filed appeals with the Ohio Supreme Court, which have also been dismissed.

{¶3} The appellant's current appeal arises from the trial court's Judgment Entries filed June 18, 2025, which denied four of the appellant's Motions related to custody and parenting time, as well as his Motion to Disqualify Magistrate and for Sanctions; and, filed on May 23, 2025, requiring the appellant to submit to a psychological evaluation.

{¶4} The trial court's June 18, 2025, Judgment Entry includes a detailed summary of the procedural history up to that point, which appellant did not dispute, and

attached to his appellate brief filed September 2, 2025. The appellant now seeks to reassert some of those same issues raised in his first appeal, including temporary custody modification and replacement of the current magistrate and guardian ad litem.

{¶5}   The appellant filed his Notice of Appeal on June 20, 2025, and sets forth the following six assignments of error:

{¶6}   "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO RETURN THE CHILDREN TO FATHER'S CUSTODY."

{¶7}   "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY IGNORING THE WELL-BEING OF THE CHILDREN."

{¶8}   "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO CONDUCT HEARINGS IN A MANNER CONSISTENT WITH THE CONSTITUTIONS AND LAWS OF OHIO AND THE UNITED STATES OF AMERICA."

{¶9}   "IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING FATHER TO SUBMIT TO A MENTAL HEALTH EVALUATION AND PRODUCE PRIVILEGED RECORDS AFTER RULING THAT SUCH EVIDENCE IS IRRELEVANT AND INADMISSIBLE, WHILE NEITHER THE LITIGANTS NOR THE COURT HAVE ACTED IN GOOD FAITH."

{¶10} "V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO REMOVE MAGISTRATE TERRIE L. CLINGER AND GUARDIAN AD LITEM RYAN M. SCOTT FROM THIS CASE."

{¶11} "VI. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO IMPOSE SANCTIONS AND REFER THE MATTER FOR AN INVESTIGATION BY DISCIPLINARY COUNSEL AND THE PROSECUTOR."

**{¶12}** We find that the judgment entries from which the appellant has appealed are not final appealable orders, and his appeal must therefore be dismissed.

### FINAL APPEALABLE ORDER ANALYSIS

**{¶13}** Appellate courts have jurisdiction to review only final orders. Ohio Const., Art. IV, § 3(B)(2). Thus, the initial question in any appeal is whether the trial court's order is final and appealable. If the trial court's order is not final and appealable, the appeal must be dismissed. *General Acc. Ins. Co. v. Ins. Co. of North America*, 44 Ohio St.3d 17, 20 (1989); *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544 (1997). "Even if a party does not raise the issue, this court must address, sua sponte, whether there is a final appealable order ripe for review. *Id.*" *Passwaters v. Novaria*, 2025-Ohio-1533, ¶ 12 (5th Dist.). Accordingly, we must first determine whether the trial court's May 23, 2025, and June 18, 2025, Judgment Entries are final, appealable orders capable of invoking this Court's jurisdiction.

**{¶14}** In order to determine whether the Court has jurisdiction to review the merits of this case, we must determine whether the requirements of R.C. § 2505.02 and Civ.R. 54(B) have been satisfied. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88 (1989). R.C. 2505.02 addresses final orders, and states in pertinent part:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1)     An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2)     An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018 (renumbered as 5164.07 by H.B. 59 of the 130th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code;

(8) An order restraining or restricting enforcement, whether on a temporary, preliminary, or permanent basis, in whole or in part, facially or

as applied, of any state statute or regulation, including, but not limited to, orders in the form of injunctions, declaratory judgments, or writs;

(9) An order that denies a motion for expedited relief pursuant to section 2747.04 of the Revised Code.

In addition, when multiple claims or parties are involved, a trial court's order must also meet Civ.R. 54(B)'s requirements in order to be final and appealable. *Chef Italiano* at 88. Civ.R. 54(B) states:

**(B) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Thus, according to Civ.R. 54(B), a judgment that does not dispose of all claims is not final unless it includes express language stating "there is no just reason for delay." In the case sub judice, the trial court's decisions do not dispose of the issues between the parties with finality, and lacks the mandatory Civ.R. 54(B) "no just reason for delay" language.

**{¶15}** The appellant groups assignments of error numbers one, two, and three together, arguing that the trial court erred and abused its discretion when it refused to return the appellant's children to him and ignored their well-being, and when it failed to conduct hearings in compliance with State and Federal laws. He focuses his arguments on these three assignments of error on the temporary custody issues and his fundamental rights as a parent. However, the appellant's parenting rights have not been permanently determined, and temporary orders regarding the custody of children are not final appealable orders. As set forth by this Court in *Fritz v. Burch,* 2009-Ohio-4004, (5th Dist.):

> "Temporary * * * child custody orders have been held not final and appealable because of their interlocutory nature." *Shear v. Shear* (Mar. 31, 1994), 8th Dist. No. 65339, 1994 Ohio App. LEXIS 1382 at *4.; *Williams v. Williams* 2004 Ohio 3992.

> In the case sub judice, the custody of the minor child was not permanently resolved; rather, Appellee's motion for a final determination of parentage remains pending before the court. By its own terms, the order designating Appellee as custodian is temporary. A temporary order is interlocutory in nature. Because such orders are subject to modification by the trial court, interlocutory orders are not immediately appealable. *Brooks v. Brooks* (1996), 117 Ohio App.3d 19, 21, 689 N.E.2d 987. Therefore, we find the trial court's November 18, 2008 Judgment Entry awarding Appellee temporary custody of the minor child an interim interlocutory order which is not final and appealable. The within appeal is hereby dismissed for want of jurisdiction.

*Id.* at ¶20-21. In this case, the parties entered into an Agreed Temporary Order on October 30, 2023, in which appellee Disch was granted temporary legal custody of the minor children until further order of the trial court. The order designating Disch temporary legal custodian is, by its own terms, temporary and, therefore, interlocutory. Because the trial court's decisions on temporary custody of the minor children are interlocutory in nature, and therefore subject to modification by the trial court, they are not final appealable orders.

{¶16} The appellant submits in assignment of error number four that the trial court erred and abused its discretion when it ordered the appellant to submit to a mental health evaluation in connection with the divorce proceedings and parenting issues therein. The October 23, 2024, Magistrate's Order ordered the parties to "cooperate with Dr. Allison Houle for a full evaluation or comprehensive investigation and assessment of the best interest of the children pursuant to R.C. 3109.04(C) and Sup0.R. 90.04." The trial court overruled the appellant's motion to set aside the Magistrate's Order. This, too, is not a final appealable order. As set forth in *Tassone v. Tassone,* 2021-Ohio-4063, (10th Dist.):

Here, the trial court ordered Matthew to undergo a diagnostic psychological evaluation under R.C. 3109.04(C), which permits a court tasked with allocating parental rights and responsibilities to "order the parents * * * to submit to medical, psychological, and psychiatric examinations." Thus, to the extent that a common-law right against psychological examination existed, R.C. 3109.04(C) abrogated it where allocation of custody is at issue. *See Myers* at ¶ 20 ("At least between plaintiff and defendant there does not appear to be a common-law right

against medical examination, and even if there was a common-law right it has been abrogated by [Civ.R. 35].").

A parent in a divorce action, therefore, does not have a substantial right to prevent a court from ordering a psychological examination. Accordingly, a court order requiring a parent to submit to a psychological examination does not affect a substantial right. *See In re B.M.*, 9th Dist. No. 12CA0009, 2012-Ohio-4093, ¶ 24; *Prakash v. Prakash*, 181 Ohio App.3d 584, 2009-Ohio-1324, ¶ 14-17, 910 N.E.2d 30 (10th Dist.). Because Matthew cannot satisfy all the criteria of R.C. 2505.02(B)(2), the part of the August 14, 2020 order mandating he undergo a diagnostic psychological evaluation is not final and appealable under that provision.

*Id.* at ¶14-15. We agree with the reasoning set forth in *Tassone.* The trial court's order that the appellant undergo a mental health evaluation is not a final appealable order.

**{¶17}** The appellant argues in his fifth assignment of error that the trial court erred in refusing to remove the magistrate and the guardian ad litem from the case. This, too, is not a final appealable order. As set forth by this Court in *In re J.P.,* 2021-Ohio-2240 (5th Dist.):

The Supreme Court of Ohio has determined proceedings in the juvenile division are special statutory proceedings within the meaning of R.C. 2505.02(B)(2) and parental rights qualify as "substantial rights" for purposes of R.C. 2505.02(B)(2). *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 360, 1994- Ohio 302, 626 N.E.2d 950 (1994). "An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai*

*Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993). However, a number of appellate districts, including this one, have found a trial court's order denying a party's motion to disqualify the magistrate is not a final appealable order, concluding such does not affect a substantial right when other issues remain pending. See, *Tassone v. Tassone*, 10th Dist. Franklin No. 18AP-810, 2019-Ohio-1018; *Dunham v. Ervin*, 10th Dist. Franklin No. 17AP-79, 2017-Ohio-7616; *Aloi v. Enervest*, 11th Dist. Portage No. 2011-P-0023, 2011-Ohio-5112; *Robinson v. Prudential Ins.*, 5th Dist. Tusc. No. 1998CA00058 (Jan. 19, 1999).

*Id.* at ¶12. In this case, the trial court's decision denying the appellant's motion to disqualify or remove the magistrate and the guardian ad litem is not a final appealable order.

**{¶18}** Finally, the appellant submits that the trial court erred in "refusing to impose sanctions and refer the matter for an investigation by disciplinary counsel and the prosecutor." Again, this is not a final appealable order. The court in *Peck v. Tokar,* 2016-Ohio-8112, (11th Dist.) addressed a similar case in which the appellant appealed from the trial court's refusal to impose sanctions. The *Peck* court stated:

> Appellants subsequently moved for sanctions, pursuant to Civ.R. 11 and R.C. 2323.51, against appellees seeking attorney fees, costs, and expenses associated with defending the case. The trial court denied that motion. Again, no Civ.R. 54(B) language was affixed to that judgment. Appellants filed the instant appeal as a result.

*       *       *

R.C. 2505.02(B)(1) and (2) require the order to affect a "substantial right." An order affects a substantial right only if "an immediate appeal is necessary to protect the right effectively." *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 92, 2011 Ohio 2317, 950 N.E.2d 516. Here, we fail to see how an immediate review of the underlying judgment denying appellants' motion for sanctions is necessary to protect their rights. Appellants will have an opportunity to advance their arguments, whether through a direct appeal or cross-appeal, upon resolution of all claims in the underlying case. We therefore discern no need for immediate review.

Similarly, since appellants will have a meaningful or effective remedy through an appeal following a final judgment as to all proceedings, R.C. 2505.02(B)(4) is inapplicable.

Further, even if the order met the elements of R.C. 2505.02(B), it would still, under these circumstances, remain interlocutory. An appellate court may not review an order disposing of fewer than all claims when Civ.R. 54(B) language is necessary. *Kopp v. Associated Estates Realty Corp.*, 10th Dist. Franklin No. 08AP-819, 2009-Ohio-2595, ¶10. *See also VanDyke v. City of Columbus*, 10th Dist. Franklin No. 06AP-1114, 2007-Ohio-2088.

*Id.* at ¶¶ 3, 6-8. In the case sub judice, the trial court denied the appellant's request for sanctions. However, the underlying divorce action remains pending, and the rights of the parties have not yet been finally determined. An entry adjudicating the issue of sanctions does not terminate the parties' divorce action, and such the issue is subject to revision at any time before the final entry adjudicating their divorce. *See*, Civ.R. 54(B). Thus, the trial court's decision to not impose sanctions is not a final, appealable order.

## CONCLUSION

{¶19}  Based upon the foregoing, we find that neither of the Judgment Entries from which the appellant has appealed are final appealable orders. Accordingly, this Court lacks jurisdiction in this matter and must therefore dismiss the appeal. Therefore, the appellant's appeal from the judgments of the Delaware County Court of Common Pleas, Domestic Relations Division, are hereby dismissed for want of a final appealable order.

{¶20}  Costs to appellant.

By: Baldwin, P.J.

King, J. and

Montgomery, J. concur.