[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Maddox v. Lincoln Hts.,* Slip Opinion No. 2016-Ohio-5001.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5001

THE STATE EX REL. MADDOX ET AL. *v.* THE VILLAGE OF LINCOLN HEIGHTS ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Maddox v. Lincoln Hts.,* Slip Opinion No. 2016-Ohio-5001.]**

*Mandamus—Original action—Class action—Mandamus cases may be brought as class actions in certain circumstances—Article IV, Section 2(B)(1) does not allow this court to approve money settlements in original action—Case returned to mediation.*

(No. 2014-1267—Submitted March 8, 2016—Decided July 19, 2016.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an original action in mandamus by relator Steve R. Maddox and eight other named relators (collectively, "Maddox") against respondents, the village of Lincoln Heights and several of the village's officials ("collectively, "the

village"). The complaint alleges that several classes of people who currently work for and have worked for the village have not been provided a variety of employee benefits owed them. Maddox asked that a class action be certified and requested a writ directing the village to provide the withheld benefits.

{¶ 2} We granted an alternative writ and allowed a second amended complaint. 141 Ohio St.3d 1470, 2015-Ohio-554, 25 N.E.3d 1078. The parties filed a joint motion for referral to mediation, which was granted. 142 Ohio St.3d 1425, 2015-Ohio-1097, 27 N.E.3d 536. The case was later returned to the regular docket, 143 Ohio St.3d 1484, 2015-Ohio-4161, 38 N.E.3d 904, and the parties filed a joint motion for preliminary approval of a class-action settlement consisting of money payments to class members.

{¶ 3} Because we lack jurisdiction to preside over a monetary settlement in the context of an original action, we refer the case to mediation, with instructions for the parties to attempt an out-of-court settlement without court approval.

*Facts and procedural history*

{¶ 4} In the second amended complaint, filed on February 25, 2015, Maddox asserted that the village misclassified a class of employees as independent contractors and therefore failed to enroll them in various benefit programs or pay taxes on their behalf. Maddox also alleged that the village failed to pay other classes of employees various benefits, including fringe benefits, medical and dental benefits, and holiday and sick leave pay.

{¶ 5} Maddox asserted that the classes qualified for class-action status. Maddox also asserted that the village has a clear legal duty to provide the various benefits to the classes, that the members of the classes have a clear legal right to the various benefits, and that the class members have no adequate remedy in the ordinary course of the law. Maddox prayed for a writ of mandamus ordering the village to provide all the benefits that allegedly were withheld from the various class members. Maddox also demanded a jury trial under R.C. 2731.11.

**{¶ 6}** The parties jointly requested mediation and on October 7, 2015, the case was returned to the regular docket. 143 Ohio St.3d 1484, 2015-Ohio-4161, 38 N.E.3d 904. On the same day, the parties filed a joint motion for preliminary approval of a class-action settlement.

**{¶ 7}** The joint motion states that the proposed settlement gives class members the "opportunity to obtain valuable settlement payments." The parties claim that the proposed payments are fair and reasonable. They also claim that proposed service awards for the named relators are fair and reasonable. The proposed attorney fees and costs—one-third of the common fund—to be distributed to counsel for attorney fees and litigation costs are also asserted to be fair and reasonable. The amount in the common fund is $126,000.

*Analysis*

**{¶ 8}** The original complaint did not demand damages, but, instead, sought a writ ordering the village to remit benefits and reimburse class members for certain payments, as well as to pay premiums and taxes to the appropriate state agencies. Mandamus cases may, under the right circumstances, be brought as class actions. *See, e.g., State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444.

**{¶ 9}** However, the motion for preliminary approval of the class-action settlement proposes that the settlement come in the form of money payments. We have held in the context of a counterclaim to a mandamus action that we lack original jurisdiction over an action for a money judgment. *State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 122, 296 N.E.2d 544 (1973) (denying counterclaim for money judgment in mandamus action on basis that conferral of original jurisdiction on this court by Article IV, Section 2(B)(1) of the Ohio Constitution does not include original actions for money judgment). *See also State ex rel. Coyne v. Todia*, 45 Ohio St.3d 232, 237, 543 N.E.2d 1271 (1989) (denying counterclaim for money damages in original action for mandamus and

holding that the Civil Rules "cannot override the Constitution" and cannot extend this court's jurisdiction).

{¶ 10} Article IV, Section 2(B)(1) of the Ohio Constitution does not allow us to approve money settlements in the context of an original action. The constitutional provision grants us jurisdiction in mandamus to issue a writ ordering a government officer to fulfill a duty imposed by law, but it does not grant us original jurisdiction to preside over the distribution of money payments in lieu of or in conjunction with a writ.

{¶ 11} The parties claim that under Civ.R. 23(E), a class action cannot be settled without the approval of the court. However, Civ.R. 23(E) states: "The claims, issues, or defenses *of a certified class* may be settled, voluntarily dismissed, or compromised only with the court's approval." (Emphasis added.) No class has yet been certified here, and therefore, nothing prevents the parties from settling the case without the approval of the court.

{¶ 12} We therefore deny the joint motion for approval of settlement and return this case to mediation.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, and O'NEILL, JJ., concur.

PFEIFER, J., dissents and would approve the settlement.

KENNEDY and FRENCH, JJ., dissent.

_____

Nilges Draher, L.L.C., Hans A. Nilges, and Shannon M. Draher; and Barkan Meizlish Handelman Gooden DeRose Wentz, L.L.P., Robert E. DeRose, James Petroff, and Robi J. Baishnab, for relators.

Reminger Co., L.P.A., Patrick Kasson, Melvin Davis, and Tyler Tarney, for respondents.

_____