[Cite as *State ex rel. Conomy v. Fuller*, 2024-Ohio-5771.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO ON THE RELATION OF CHRISTOPHER P. CONOMY | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Relator | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 24 CAD 08 0056 |
| | : | |
| JUDGE RANDALL FULLER | : | |
| | : | |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Writ of Mandamus

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     December 9, 2024

APPEARANCES:

Relator

Christopher P. Conomy
3050 Brookview Drive
Galen, Ohio 43021

For Respondent:

Aaron M. Glasgow
Ryan C. Spitzer
Isaac Wiles & Burkholder, LLC
2 Miranova Place, 7th Floor
Columbus, Ohio 43215

*Delaney, P.J.*

{¶1} On August 30, 2024, Relator[1] Christopher P. Conomy filed a Verified Original Petition in Mandamus with a demand for damages under R.C. 2731.11. Conomy's action focuses on his pending divorce case in the Delaware County Court of Common Pleas, Domestic Relations Division, titled *Molly J. Conomy v. Christopher P. Conomy*, Case No. 23 DR A 10 0625. Conomy seeks a writ of mandamus ordering Respondent Judge Randall Fuller to enter an order immediately returning his two minor children to his custody, without restrictions or delay.

{¶2} Conomy also seeks money damages under R.C. 2731.11 for emotional distress, psychological distress, loss of income, loss of consortium, and other economic and non-economic damages allegedly caused by Judge Fuller's actions in the divorce case. On September 27, 2024, Judge Fuller filed a Motion to Dismiss under Civ.R. 12(B)(6).

{¶3} For the following reasons, we find Conomy is not entitled to the requested mandamus relief or the requested damages and we grant Judge Fuller's Motion to Dismiss and deny Conomy's Motion for Summary Judgment.

## I. Background

{¶4} Relator is the father of two minor children. He is a defendant in a divorce case in Delaware County. Custody of the two minor children is a contested issue in the divorce. Judge Fuller serves as the presiding judge. Katharine Disch, Ms. Conomy's mother, is also a party in the domestic case related to the custody issues.

---

[1] Conomy is a "relator" in this original action and not a "petitioner."

{¶5}  On October 26, 2023, Ms. Disch filed an emergency ex parte motion for an order awarding temporary custody of Conomy's children to her. Via his attorney, Conomy agreed to the order and allowed his children to be placed in the temporary custody of Ms. Disch. The domestic relations court subsequently granted Ms. Disch temporary, legal custody of both children and provided supervised parenting time to Conomy and Molly Conomy. The order also directed both children to begin counseling. Judge Fuller also appointed a guardian ad litem for the children.

{¶6} Thereafter, Conomy sought extended visitation rights with the children, which the presiding magistrate denied. On May 30, 2024, Relator filed an "Emergency Ex Parte Motion for Change of Custody and Emergency Request for Judicial Hearing in Front of Someone Who Would Rather Not Have a Dead Child on Their Hands." In his motion, Conomy argued he should be given custody of both children. Judge Fuller denied Conomy's motion on June 4, 2024.

{¶7}  Conomy appealed to this Court. We dismissed Conomy's appeal on August 19, 2024, finding Judge Fuller's decision was not a final, appealable order. Conomy filed this original action on August 30, 2024. The Delaware County Prosecutor's Office, on behalf of Judge Fuller, filed a Motion to Dismiss on September 27, 2024. Conomy filed a Memorandum in Opposition to Respondent Fuller's Motion to Dismiss on October 14, 2024. Judge Fuller filed a Reply in Support of Motion to Dismiss on October 18, 2024.

{¶8} On October 23, 2024, Conomy filed a Motion for Summary Judgment with Request for Expedited Consideration. On November 7, 2024, Judge Fuller filed a Memorandum in Opposition to Petitioner's Motion for Summary Judgment. Conomy's

summary judgment motion addresses the same arguments raised in his Memorandum in Opposition to Judge Fuller's Motion to Dismiss.

## ANALYSIS

### A.  Mandamus elements

{¶9}  "Mandamus is an extraordinary remedy, to be issued with great caution and discretion and only when the way is clear." *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166 (1977). "To be entitled to a writ of mandamus, a relator must carry the burden of establishing that he or she has a clear legal right to the relief sought, that the respondent has a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy in the ordinary course of law." *State ex rel. Van Gundy v. Indus. Comm.*, 2006-Ohio-5854, ¶ 13. Relator has the burden of establishing all three elements by clear and convincing evidence. *State ex rel. Mars Urban Solutions, L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 2018-Ohio-4668, ¶ 6.

### B.  Civ.R. 12(B)(6) standard

{¶10}  A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." In construing a Civ.R. 12(B)(6) motion, the court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Before we can dismiss the petition, it must appear beyond doubt that petitioner can prove no set of facts entitling her to recovery. *See O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

*C. Mandamus relief cannot be used to control Judge Fuller's discretion or as a
substitute for an appeal.*

{¶11} Conomy requests an order commanding Judge Fuller to immediately return his two minor children to his custody, without restriction and without any delay. Conomy bases his request on three arguments. First, Conomy maintains there has been no finding the two minor children are abused, dependent or neglected and no finding that he is not a suitable parent. Therefore, Conomy claims a clear legal right to custody. Second, Conomy contends his custody right is a fundamental liberty interest and a paramount right in the divorce case entitling him to immediate relief without delay. Third, because Conomy cannot appeal the June 4, 2024 Judgment Entry, he claims he has no adequate remedy at law to address Judge Fuller's decision to deprive him of a fundamental liberty interest and clear legal right to custody of his two minor children.

{¶12} Conomy is clearly dissatisfied with Judge Fuller's decision and because he cannot immediately appeal Judge Fuller's interlocutory decision regarding custody of the two minor children, he seeks to control Judge Fuller's judicial discretion by way of this writ of mandamus. Conomy is asking us to order Judge Fuller to alter the outcome of his decision, over which Judge Fuller has already exercised his discretion, and to order the exercise of that discretion in his favor.

{¶13} R.C. 2731.03 prohibits us from granting such relief. This statute titled, "Writ does not control judicial discretion" prohibits a court from issuing a writ of mandamus to alter the inferior court's exercise of its discretion. *Patterson v. D'Apolito*, 2024-Ohio1632, ¶ 40 (7th Dist.). This, "mandamus will not lie to control judicial discretion, even if that discretion is abused." *Id.*, citing *State ex rel. Rashada v. Pianka*, 2006-Ohio-6366, ¶ 3.

{¶14} Further, it appears Conomy is using this mandamus action as a substitute for appeal. On June 13, 2024, Conomy appealed Judge Fuller's decision regarding temporary custody of his two minor children (Delaware Case No. 24 CAF 06 0036). With regard to his right to appeal, as stated in the Judgment Entry dismissing his interlocutory appeal, the underlying divorce case remains pending, and Judge Fuller has not made a final determination as to the custody issue.

{¶15} Once Judge Fuller makes a final determination regarding custody of Conomy's two minor children, Conomy may appeal if he believes it is necessary to challenge Judge Fuller's custody determination. Mandamus cannot be used as a substitute for an appeal. *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 57 (1973) ("Likewise, 'mandamus cannot be used as a substitute for appeal or create an appeal from an order which is not a final order . . .'"); *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967), paragraph three of the syllabus ("When a petition stating a proper cause of action in mandamus is filed originally in the Supreme Court or in the Court of Appeals, and it is determined that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal, neither the Supreme Court nor the Court of Appeals has authority to exercise jurisdictional discretion but those courts are required to deny the writ."). *See also State ex rel. Thompson v. Spon*, 83 Ohio St.3d 551, 555-556 (1998) ("Appellant's mandamus claim is an improper attempt to garner review of an interlocutory order." (Citation omitted.) "But here R.C. 3109.04(C) does not require findings of fact and conclusions of law regarding a magistrate's temporary allocation of parental rights during a pending divorce action. Therefore, the court of appeals correctly

dismissed appellant's mandamus claim.") For these reasons, Conomy is not entitled to mandamus relief.

> ### D. Conomy is not entitled to money damages, and we lack jurisdiction over an action for a money judgment.

{¶16} Conomy requests money damages under R.C. 2731.11 for emotional distress, psychological distress, loss of income, loss of consortium, and other economic and non-economic damages allegedly caused by Judge Fuller' actions in the divorce case.

{¶17} The Ohio Supreme Court explained in *State ex rel. Maddox v. Lincoln Hts.*, 2016-Ohio-5001, ¶ 10:

> Article IV, Section 2(B)(1) of the Ohio Constitution does not allow us to approve money settlements in the context of an original action. The constitutional provision grants us jurisdiction in mandamus to issue a writ ordering a government officer to fulfill a duty imposed by law, but it does not grant us original jurisdiction to preside over the distribution of money payments in lieu of or in conjunction with a writ.

{¶18} Therefore, this Court lacks jurisdiction to award the damages requested by Conomy in the context of this original action.

### III. Conclusion

{¶19} For the foregoing reasons, we deny Conomy's writ of mandamus and grant Judge Fuller's Motion to Dismiss. Conomy cannot state a claim for mandamus relief. We also deny Conomy's Motion for Summary Judgment. Finally, we deny Conomy's request for costs of litigation. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

RESPONDENT'S MOTION TO DISMISS IS GRANTED.

RELATOR'S MOTION FOR SUMMARY JUDGMENT IS DENIED.

RELATOR'S VERIFIED ORIGINAL PETITION IN MANDAMUS IS DISMISSED.

RELATOR'S DEMAND FOR DAMAGES UNDER R.C. 2731.11 IS DENIED.

COSTS TO RELATOR.

IT IS SO ORDERED.

By: Delaney, P.J.,

Wise, J. and

Baldwin, J., concur.