[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Conomy v. Fuller*, Slip Opinion No. 2025-Ohio-4411.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4411

THE STATE EX REL. CONOMY, APPELLANT, *v.* FULLER, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Conomy v. Fuller*, "Slip Opinion No." 2025-Ohio-4411.]**

*Mandamus—Appellant seeking to compel judge to rescind order denying appellant's custody motion and to issue a new order that grants the motion failed to state a claim entitling him to a writ—Court of appeals' judgment granting judge's motion to dismiss affirmed.*

(No. 2024-1745—Submitted June 3, 2025—Decided September 24, 2025.)

APPEAL from the Court of Appeals for Delaware County,

No. 24 CAD 08 0056, 2024-Ohio-5771.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Christopher P. Conomy, appeals the Fifth District Court of Appeals' dismissal of the mandamus action he filed against appellee, Delaware County Domestic Relations Court Judge Randall D. Fuller. Judge Fuller is presiding over Conomy's divorce case, which involves the custody of Conomy's two minor children. In his mandamus petition, Conomy asked the Fifth District to compel Judge Fuller to rescind his prior order denying Conomy's custody motion and to issue a new order that grants the motion. Conomy also requested damages under R.C. 2731.11. The Fifth District granted Judge Fuller's motion to dismiss Conomy's petition. We affirm the Fifth District's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Conomy is the defendant in a divorce proceeding pending before Judge Fuller in which the custody of two minor children is contested. The parties initially agreed to place the children in the temporary custody of their maternal grandmother, and Conomy received supervised visitation. After the parties agreed to the temporary-custody agreement, Conomy filed a motion to expand his visitation rights, which was denied. Conomy also filed an emergency-custody motion seeking custody of the two children after one of them allegedly tried to hurt herself.

{¶ 3} Judge Fuller denied Conomy's custody motion for several reasons: (1) Conomy had failed to attach a supporting affidavit to the motion, (2) temporary custody had already been determined and the motion set forth no new grounds justifying a change to the temporary custody, and (3) the judge had found no immediate concern for the health, safety, or welfare of the children. Conomy appealed to the Fifth District Court of Appeals, which dismissed his appeal for lack of a final, appealable order.

{¶ 4} In August 2024, Conomy filed the mandamus action at issue here. In his petition, Conomy asked the Fifth District to compel Judge Fuller to issue an

order awarding Conomy unrestricted custody of his two children. He also requested an award of damages under R.C. 2731.11 "for emotional distress, psychological distress, loss of income, loss of consortium, and other economic and non-economic damage caused by [Judge Fuller's] actions in the divorce case."

{¶ 5} Judge Fuller filed a Civ.R. 12(B)(6) motion to dismiss, which the Fifth District granted for three reasons. First, the court determined that Conomy was impermissibly seeking a writ of mandamus to control Judge Fuller's exercise of his judicial discretion in ruling on Conomy's custody motion. 2024-Ohio-5771, ¶ 12-13 (5th Dist.). Second, the Fifth District held that Conomy was impermissibly seeking the writ as a substitute for an appeal and that he would have an adequate remedy in the ordinary course of the law by appealing Judge Fuller's final-custody determination once it is issued. *Id*. at ¶ 14-15. Third, the Fifth District denied Conomy's request for an award of damages because it lacked jurisdiction to issue such an award. *See id*. at ¶ 16-19.

{¶ 6} Conomy timely filed a notice of appeal to this court.

## II. ANALYSIS

### *A. Conomy's pending motions*

{¶ 7} While his appeal was pending, Conomy filed four motions. First, Conomy filed a motion to disqualify Judge Fuller's counsel, which we denied. 2025-Ohio-1313. We now address Conomy's three remaining motions. For the reasons discussed below, we deny all three motions.

#### *1. Conomy's motion for leave to amend the appendix to his brief*

{¶ 8} After the completion of briefing, Conomy filed a motion for leave to amend the appendix to his merit brief under S.Ct.Prac.R. 3.13(B)(3). Conomy states that the proposed amended appendix includes an order that a magistrate issued in his ongoing divorce proceedings after Conomy submitted his initial appendix and merit brief. Conomy states that he wants to add the magistrate's order to the record because he believes that we should consider the order when deciding

his appeal. Because the Fifth District did not consider the magistrate's order when it rendered its decision, we can neither add the order to the record nor consider it when deciding the appeal. *See State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 9. We therefore deny Conomy's motion for leave to amend the appendix to his merit brief.

### 2. *Conomy's motion for referral to a special master*

{¶ 9} Conomy captioned his next motion as a "motion for referral to special master in lieu of remand for consideration of undisclosed conflicts under Civ.R. 60(B)(5)." In the motion, Conomy asserts that Judge Fuller's counsel belongs to the same firm as attorneys who provide legal services to the Fifth District through the Ohio Judges' Professional Liability Self-Insurance Program. He suggests that Judge Fuller's counsel's professional relationship with the attorneys who provide legal services to the Fifth District may have influenced the Fifth District's decision to dismiss his petition against Judge Fuller. Conomy alleges that because the entire Fifth District has a conflict of interest, "this matter should be referred to a special master or other appropriate adjudicator for proceedings under Civ.R. 60(B)(5)."

{¶ 10} Under Civ.R. 60(B)(5), "[o]n motion and upon such terms as are just, [a] court may relieve a party or his legal representative from a final judgment, order or proceeding" for "any . . . reason justifying relief from the judgment." Here, Conomy's motion fails for the simple reason that he is not seeking relief from "a final judgment, order, or proceeding." Instead, he requests that we use Civ.R. 60(B)(5) to refer the matter to a special master. Civ.R. 60(B)(5) does not provide a mechanism for Conomy's requested relief. Thus, we deny Conomy's motion for referral to a special master.

### 3. *Conomy's motion to strike affidavits*

{¶ 11} Conomy also filed a motion to strike the affidavits of Aaron M. Glasgow and Ryan C. Spitzer, counsel for Judge Fuller, that were filed with the judge's response to Conomy's motion for referral to a special master. Conomy

4

argues that the affidavits should be stricken because the judges they indicate Glasgow and Spitzer have never represented are not the judges who dismissed his writ action. Conomy also argues that by submitting the affidavits, Judge Fuller seeks to improperly add new matters to the record on appeal.

{¶ 12} The affidavits submitted by Judge Fuller do not add new matters to the record being addressed on appeal. Furthermore, as discussed above, we deny Conomy's motion for referral to a special master because Civ.R. 60(B)(5) does not provide a mechanism for Conomy's requested relief. The affidavits do not affect our reason for denying the motion. Thus, we deny Conomy's motion to strike the affidavits of Aaron M. Glasgow and Ryan C. Spitzer.

*B. Standard of review*

{¶ 13} We review de novo a lower court's dismissal under Civ.R. 12(B)(6) of an action seeking a writ of mandamus. *State ex rel. Mitchell v. Pittman*, 2022-Ohio-2542, ¶ 8. The Fifth District's dismissal of Conomy's mandamus petition was appropriate if it appears beyond doubt, after presuming all factual allegations in the petition as true and drawing all reasonable inferences in Conomy's favor, that he can prove no set of facts entitling him to mandamus relief. *Id.*

{¶ 14} To obtain a writ of mandamus, Conomy must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Fuller to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Walker v. Ballinger*, 2024-Ohio-181, ¶ 11.

*C. Conomy fails to state a claim for mandamus relief*

{¶ 15} Conomy sets forth three propositions of law. His first and second propositions assert that the Fifth District erred when it dismissed his petition, because he properly set forth a claim for mandamus relief.

{¶ 16} In support of his first proposition of law, Conomy argues that he is entitled to mandamus relief because—as the natural parent of the children—he has a fundamental right to custody and Judge Fuller has a clear legal duty to honor his

superior right to custody over a nonparent. In support of his second proposition of law, Conomy argues that mandamus relief is appropriate because his prior appeal of Judge Fuller's nonfinal order denying his custody motion failed. Conomy argues that the dismissal of his appeal shows the lack of an adequate remedy in the ordinary course of the law because he cannot appeal the denial of his custody motion until a final order is issued. Accordingly, Conomy argues that we should reverse the Fifth District's decision and order that the writ be immediately granted.

{¶ 17} While a writ of mandamus may be warranted to compel a lower court to act, R.C. 2731.03, it cannot be used to control judicial discretion, even if that discretion has been abused, *State ex rel. Rashada v. Pianka*, 2006-Ohio-6366, ¶ 3. Conomy does not argue that Judge Fuller failed to rule on his custody motion. Instead, Conomy argues that as the natural parent of the children he has a clear and fundamental legal right to custody and that Judge Fuller has a clear legal duty to honor Conomy's fundamental right to custody over a nonparent. In support of this argument, Conomy cites *In re Hockstok*, 2002-Ohio-7208. But *Hockstok* does not state that a natural parent has an unquestionable fundamental right to child custody in all situations or that a judge must always award a parent custody over a nonparent. *Hockstok* states that when awarding custody to a nonparent, a court must first make a parental-unsuitability determination. *Id.* at ¶ 18, 24.

{¶ 18} Conomy may not seek a writ of mandamus to compel Judge Fuller to make a particular ruling in his favor. *Rashada* at ¶ 3. Because the requested relief necessarily infringes on Judge Fuller's judicial discretion, the Fifth District correctly dismissed the mandamus petition.

{¶ 19} Moreover, even if a writ of mandamus were available to provide the relief Conomy seeks, a court will not issue a writ of mandamus "when there is a plain and adequate remedy in the ordinary course of the law," R.C. 2731.05. The availability of an appeal constitutes an adequate remedy at law that precludes a writ of mandamus. *State ex rel. Luoma v. Russo*, 2014-Ohio-4532, ¶ 8.

6

{¶ 20} The fact that Conomy's earlier appeal was dismissed for lack of a final, appealable order does not mean that he lacks an adequate remedy in the ordinary course of the law. Although Conomy may not appeal a nonfinal order, he may appeal the final determination regarding the custody of his children once it is issued. *See State ex rel. Gallagher v. Collier-Williams*, 2023-Ohio-748, ¶ 23 ("A writ of mandamus may not be used as a substitute for appeal or to create an appeal from an order that is not final."); *see also State ex rel. Thompson v. Spon*, 1998-Ohio-298, ¶ 15-16 (concluding that a magistrate's pretrial order regarding temporary custody of children was an interlocutory order subject to modification when final divorce decree was entered and that a writ of mandamus could not be sought to challenge the order). Thus, Conomy's inability to appeal Judge Fuller's denial of Conomy's custody motion at this time does not qualify as a lack of an adequate remedy in the ordinary course of the law.

### D. Conomy is not entitled to damages

{¶ 21} In support of his third proposition of law, Conomy argues that the Fifth District erred in holding that it lacked jurisdiction to award him civil-action damages under R.C. 2731.11, because his claim for damages was "coupled with a valid claim for a writ of mandamus." This argument lacks merit.

{¶ 22} Only a successful relator may recover damages under R.C. 2731.11. The statute provides that a relator may recover damages "[i]f judgment in a proceeding for a writ of mandamus is rendered for the plaintiff." *See also State ex rel. Shie v. Ohio Adult Parole Auth.*, 2022-Ohio-270, ¶ 12 (holding that the relator was not entitled to recover damages under R.C. 2731.11, because he was not entitled to writ of mandamus). Because Conomy's mandamus petition was correctly dismissed, Conomy is not entitled to recover damages under R.C. 2731.11.

### III. CONCLUSION

**{¶ 23}** Because Conomy has not stated a claim entitling him to a writ of mandamus, we affirm the Fifth District's judgment dismissing his petition. In addition, we deny Conomy's motion for leave to amend the appendix to his merit brief, his motion for referral to a special master, and his motion to strike the affidavits submitted by Judge Fuller.

Judgment affirmed.

_____

Christopher P. Conomy, pro se.

Isaac Wiles Burkholder & Miller, L.L.C., Aaron M. Glasgow, and Ryan C. Spitzer, for appellee.

_____