[Cite as *State ex rel. Thomson v. Summit Cty. Sheriff's Dept.*, 2026-Ohio-542.]

STATE OF OHIO       )           IN THE COURT OF APPEALS
                      )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO EX REL. JASEN E. THOMSON

    Relator

    v.

SUMMIT COUNTY SHERIFF'S DEPT., ET AL.

    Respondents

C.A. No.      31788

ORIGINAL ACTION IN PROHIBITION

Dated: February 18, 2026

---

PER CURIAM.

{¶1}    Petitioner, Jasen E. Thomson, filed a complaint seeking a writ of prohibition naming a long list of respondents:  Summit County Sheriff's Department, four named deputies, and six John Doe deputies.  The complaint seeks damages of $60,000,000 from the respondents.  Respondents moved to dismiss.  For the following reasons, we dismiss this case sua sponte.

{¶2}    Generally, for this Court to issue a writ of prohibition, the petitioner must establish that:  (1) respondent is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) the denial of the writ will result in injury for which no other adequate remedy exists.  *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997).  Sua sponte dismissal of a petition, without notice, is appropriate only if the petition is frivolous or the petitioner obviously cannot prevail on the facts alleged in the petition.  *See, e.g.*, *State ex rel. Duran v. Kelsey*, 2005-Ohio-3674, ¶ 7.

{¶3} Mr. Thomson obviously cannot prevail on the facts alleged in the petition. The petition fails to allege any facts in support of the elements for a writ of prohibition. It does not allege that any of the respondents are about to exercise judicial power, that the exercise of that power is unauthorized by law, and that the denial of the writ will result in an injury for which no other adequate remedy exists.

{¶4} The petition's prayer for relief was not for a writ of prohibition to prevent the exercise of judicial power. Instead, the petition sought millions of dollars in damages from the Summit County Sheriff and numerous deputies. This relief is beyond the scope of this Court's jurisdiction. The Ohio Constitution grants this Court jurisdiction over prohibition actions, but not to award money damages in conjunction with a writ. *See, e.g., State ex rel. Maddox v. Lincoln Hts.*, 2016-Ohio-5001, ¶ 10; Ohio Const., art. IV, § 3(B).

{¶5} The petition failed to identify any respondent who was about to exercise judicial power. Although the petition referenced prior civil actions Mr. Thomson had filed, the judges who presided over those cases were not named as respondents in this case. The petition also failed to allege any facts to suggest that those judges were about to exercise judicial power.

{¶6} After a thorough review of the petition, this Court concludes that Mr. Thomson cannot prevail on his petition for a writ of prohibition. Accordingly, sua sponte dismissal of the petition is appropriate. *Duran*, 2005-Ohio-3674, ¶ 7.

{¶7} The case is dismissed. Costs of this action are taxed to Mr. Thomson.

**{¶8}** The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

_____
JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

JASEN E. THOMSON, Pro Se, Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JOHN CHRISTOPHER REECE and JENNIFER M. PIATT, Assistant Prosecuting Attorneys, for Respondents.